OBED M. RICE, Respondent, *v.* JACOB K. POST, Appellant.

*Employment of a third person by an agent — when the principal is not liable for the value of his services.*

Where an agent, without authority from his principal, employs another to render services which were due from himself to his principal, he only obligates himself to compensate the person so employed, and his principal is not liable therefor, even though the principal may have had the benefit of the services of such person.

APPEAL by the defendant, Jacob K. Post, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 12th day of February, 1894, upon the verdict of a jury, and also from an order entered in said clerk's office on the 9th day of February, 1894, denying the defendant's motion for a new trial.

*M. H. Briggs,* for the appellant.

*Herbert Stull,* for the respondent.

DWIGHT, P. J.:

The action was to recover a balance of commissions claimed to be due to the plaintiff on the sale of a block of buildings in the city of Rochester belonging to the defendant. One Bruff had been for many years the agent for the defendant to manage and care for the property and to collect the rents. He was also, at the time to which the evidence relates, authorized to sell the property. The plaintiff had been for some time a tenant of the block; he always dealt with Bruff and supposed that he was the owner of the property. He owed for rent of his apartments about $260 when Bruff engaged him to find a purchaser for the property, and agreed to pay him double commissions if he succeeded in finding a purchaser at the price of $14,000. He did find a purchaser, whom he brought into communication with Bruff, and a sale or exchange of the property was effected at the nominal price of $14,000. Bruff allowed the plaintiff credit for the rent due from him, which the former asserted was as much as he owed him for commissions, while the latter claimed a balance of $260 still his due, for which he brings this action against the defendant.

There is no evidence that Bruff was in any manner authorized by the defendant to employ a sub-agent or broker to make a sale of the property, and, of course, none that he was authorized to contract for the defendant to pay double commissions for such service. There is no evidence that the defendant knew that the plaintiff was employed to, or did, render any service in connection with the sale; and the only evidence that he knew that the plaintiff was credited with the rent due from him, on his claim for commissions, was the admission, by the defendant's answer, that he had paid the plaintiff the sum of $264.50. This admission affords no evidence of a ratification by the defendant of the contract made by Bruff, because there is no evidence that he ever knew, before this action was commenced, that any such contract had been made.

The contract made did not purport to be the defendant's contract, nor to be made for him, but was made by Bruff, and was understood by the plaintiff to be Bruff's contract in his own behalf, and to bind no one but himself.

The fault of the plaintiff's action is that it makes choice of the wrong man for defendant. It is true that the defendant has had the benefit of the plaintiff's services, but all that benefit he was entitled to from the services of the agent whom he had employed; if the latter has employed another to render the services which were due from him, he only obligates himself to compensate the person so employed. (*Carroll* v. *Tucker*, 50 N. Y. St. Repr. 611, and the cases cited.)

There were several exceptions to the charge of the court and refusals, which raise substantially the same questions as those presented by the motion for a nonsuit. For the error in denying that motion, and upon the exceptions referred to, the judgment and order appealed from must be reversed, and a new trial granted.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment and order of the Monroe County Court appealed from reversed and new trial granted, costs to abide the event.