ANDREW et al. v. MACE.  (No. 5776.)

(Court of Civil Appeals of Texas. Austin. April 18, 1917.)

1. BROKERS ⚙══85(1) — COMMISSIONS — RIGHT TO.

Where real estate is placed in the hands of a broker for sale in the ordinary way without any stipulation for exclusive agency, the principal may in good faith make a sale himself free from liability for a commission, and hence, in an action by a broker to recover commission claimed, although the sale had been directly made by the principal, where the principal contended that the broker had concealed the fact that he had interested the purchaser for the purpose of enabling the purchaser to obtain the land at the lowest possible price, evidence that the principal did not know the broker was claiming a commission and would not have sold at the price he did had he known that fact is admissible.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 106, 108, 110, 115.]

2. TRIAL ⚙══252(1)—INSTRUCTIONS—EVIDENCE.

In an action to recover commission, though the sale was made by the principal direct, a charge that, if the broker could have obtained a greater sum stated than that obtained by the principal, and, knowing that the principal was about to sell, failed to inform him, the broker's failure was a breach of duty precluding recovery, is properly refused where there was no evidence that the buyer would have paid the greater sum referred to in the charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596, 612.]

3. TRIAL ⚙══260(9)—INSTRUCTIONS—INSTRUCTIONS COVERED BY THOSE GIVEN.

In an action to recover commissions, though the sale was effected by the principal direct, a requested charge by the principal that, if before the employment of the broker the principal entered into negotiations with the purchaser which continued until the sale was finally effected, and the broker knew of the same, and did not inform the principal that he was negotiating with the same purchaser, but intentionally concealed that fact, as well as his intent to claim a commission, verdict should be for the principal, was refused. The court charged that, if the principal began negotiations which finally resulted in a sale, before the property was listed with the broker, and the broker in no way procured the sale, then verdict should be for the principal, and that, if the broker was an agent for the sale of the land, it was his duty to act in good faith, and he should conceal nothing which might influence his principal's action, and if the broker was guilty of a concealment whereby the principal sold the land at a less sum than he would otherwise have sold, verdict should be for him. Held, that the requested charge was not covered by the charges given; for they did not concretely apply to the facts the rule that a broker must use the utmost good faith towards his principal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 658.]

4. BROKERS ⚙══65(1) — DUTIES OF — GOOD FAITH.

A real estate broker must deal fairly with his principal in order to be entitled to commissions, and, if guilty of any concealment of material facts, he is not entitled to a commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 48.]

5. TRIAL ⚙══260(1)—INSTRUCTIONS—REQUEST.

Where the charge given correctly states the law on an issue, but does not apply it to the evidence, either party is entitled to prepare a charge applying the law to the evidence, and the refusal of such a charge is not justifiable.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651.]

6. TRIAL ⚙══193(1)—ACTIONS — COMMISSIONS —INSTRUCTIONS.

In an action by real estate broker who claimed to have been the procuring cause of a sale, a charge informing the jury what fact in the opinion of the court would constitute the procuring

cause is improper; that being a question for the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 436.]

Appeal from District Court, Lampasas County; F. M. Spann, Judge.

Action by W. F. Mace against J. H. Andrew and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Matthews & Browning, of Lampasas, for appellants. Word & Walker, of Lampasas, M. M. White, of Belton, and J. C. Abney, of Lampasas, for appellee.

RICE, J. Appellee, a real estate agent, brought this suit against J. H. Andrew and wife, Jessie Andrew, Mrs. W. R. Williamson, E. A. Ramsey and wife, Annie Ramsey, and W. W. Morris, Jr., and wife, Daisy Morris, hereinafter called appellants, to recover commissions on sale by them to R. F. Senterfitt of the "Williamson ranch," consisting of 1,948½ acres in Lampasas county, alleging that on the 27th day of November, 1913, they listed same with him for sale at $20,000, agreeing to pay him a commission of 5 per cent. for his services, and that, after procuring a purchaser therefor in the person of R. F. Senterfitt, they, with the knowledge of such fact, and for the purpose of evading the payment of his commission, sold said land themselves to Senterfitt for a less sum than they had authorized him to sell for, to wit, $17,500; that but for such interference and the sale he would within a reasonable time have sold said land for $20,000. Wherefore he prayed judgment for $1,000 as commission, and in the alternative for 5 per cent. commissions on $17,500, which he alleged was a reasonable compensation for his services.

Appellants answered: First, by general denial; second, they alleged that, if appellee after his employment by them entered into any negotiations with Senterfitt for the sale of the ranch referred to, or made any effort to sell same, then such negotiations and efforts were unknown to these appellants until after they had effected a sale of said land to Senterfitt; third, that if appellee entered into negotiations with Senterfitt for the sale of the ranch, he acted in bad faith with appellants in not informing them of such negotiations, though he knew that appellants themselves were making an effort to sell same to Senterfitt, that he failed to deliver certain messages sent by them to Senterfitt, and kept them in ignorance thereof, and that he thereafter ·conspired with Senterfitt to enable him to purchase said land at the lowest price possible, averring that they would not have sold the land to Senterfitt for the price they received therefor had they known prior to such sale that appellee was claiming, or expected to claim, a commission on account of such sale, and that appellee conspired with Senterfitt to keep them in ignorance of said fact; and that on account of the absence of such knowledge and such concealment appellants were induced to make the sale for a less sum than they otherwise would; fourth, they further alleged that negotiations with Senterfitt were begun by them before the land was listed with appellee as agent for sale, and that such negotiations were continued until the sale was concluded, without knowledge on their part that appellee was negotiating with such purchaser, averring that the fact of appellee's negotiations with such purchaser was intentionally and fraudulently concealed from appellants by appellee, who knew that appellants would sell said land for a less price if they had no commission to pay than if they had a commission to pay to appellee, setting forth other acts of bad faith on the part of appellee.

There was a jury trial, resulting in a verdict and judgment in behalf of appellee for the sum of $475, from which appellants have prosecuted this appeal.

The facts, briefly summarized, show that appellants listed the ranch with appellee for sale on or about the 17th of November, 1913, but from their evidence it appears that before doing so they had begun negotiations with Senterfitt, the purchaser, for a sale of said property to him, and without any knowledge on their part that appellee was negotiating with him, and that such negotiations finally resulted in a sale by them to him of such property for the sum of $17,500. But there was testimony to the effect that before appellants begun negotiations with Senterfitt for the sale appellee had interested him in the land by taking him out for the purpose of inspecting it, and that Senterfitt had agreed with him upon a price therefor, all of which he claimed had been communicated by him to appellants through their agent, Andrew, before the consummation by appellants of the sale to such purchaser. But there is evidence showing, and tending to show, that the fact of such negotiations on the part of appellee with Senterfitt were intentionally concealed by him from appellants, and the evidence suggests the theory that this may have been done by him for the purpose of enabling Senterfitt to purchase the property for a less price than he otherwise could have done.

[1] During the progress of the trial, while J. H. Andrew was on the stand as a witness in his own behalf, it having been shown that he, for himself and the other appellants, had had negotiations with Senterfitt for the sale of the ranch, his counsel propounded to him the following questions:

(1) "Did you or not know at the time the trade for the land was closed with Senterfitt that plaintiff was entitled to or was claiming a commission on account of the sale of the land?"

(2) "If you had known at the time the trade with Senterfitt was closed that plaintiff was entitled to or claimed a commission on the sale of the land, would you or not have sold the land for only $17,500, or would you or not have refused to sell the land at that price?"

Appellants then offered to prove in answer to said questions and in reply thereto that the witness (as stated by appellants' attorneys) would have testified that he did not at that time know that appellee was entitled to or was claiming a commission on account of the sale of said land, and that if he had known same he would not have sold said land for only $17,500, but would have refused to sell said land at that price. The appellee then objected to each of said questions as they were propounded and to the witness answering same, upon the ground that same were immaterial, which objection was by the court sustained, and the witness not permitted to answer same, to which ruling of the court appellants, by their counsel, then and there excepted and reserved their bill. This action of the court constitutes the first assignment of error.

Mace had no exclusive agency to sell the land, appellants reserving the right to sell themselves, and, according to their contention they had first found the purchaser, and, without knowledge that Mace had undertaken to sell to him, had concluded the sale. Mace, on the other hand, was contending that he had first found the purchaser, of which he informed appellants and would have effected a sale if it had not been for the interference of appellants.

"Where real estate is placed in the hands of an agent or broker for sale in the ordinary way, without stipulation expressed or implied that the agent will have exclusive right to sell, the principal is not deprived of the right in good faith to make a sale himself, free from liability to the agent for his commission." McCombs v. Moss, 121 Ark. 533, 181 S. W. 907.

See, also, Burdett v. Parish, 185 Mo. App. 605, 172 S. W. 620.

It seems to us that it was highly material for them to show in their own behalf that, if they had known that Mace was negotiating with Senterfitt for the sale of the land, and that he expected to claim a commission on such sale, they would not have sold it for $17,500; the irresistible inference being that they would have demanded more, in order to have included the commission that they would have expected to pay, if they had known such fact. This evidence, being admissible on the issue of concealment raised by the pleadings, and that of good faith in making the sale on the part of appellants, was, we think, admissible. We therefore sustain the first assignment of error complaining of this ruling.

[2] Appellants requested and the court refused to give the following charge, upon which is predicated appellants' second assignment of error:

"The plaintiff in his petition alleges that under the contract with defendants to sell the land described in said petition and procure a purchaser therefor for the sum of $20,000 that he could have sold same for said sum had he been given a reasonable time so to do. Now, if you believe from the evidence that the plaintiff knew of the negotiations of the sale of said land by and between defendants and R. F. Senterfitt, and knew at the time of or before said sale that the defendants were about to sell said land to said Senterfitt for about the sum of $17,500, and, so knowing, failed to inform the defendants that he could sell said land for the sum of $20,000, if given a reasonable time, then such failure was a breach of duty that he owed defendants, and you will return a verdict for the defendants."

This charge was properly refused, because there was no evidence in the record going to show or tending to show that Senterfitt was willing to pay $20,000 for said land, for which reason this assignment is overruled.

[3] Appellants requested and the court refused to give the following charge to the jury:

"If you find from the evidence that before the alleged employment of plaintiff to sell said land the defendant Andrew, for himself and for the other defendants, entered into negotiations with said Senterfitt for the sale to him of the land described in plaintiff's petition, and such negotiations continued until the sale was finally effected, and further find that during such negotiations the plaintiff knew of same and did not inform defendants that he was negotiating with said Senterfitt for the sale of said land, but intentionally concealed from said defendants the fact of his negotiations, or the fact, if it be a fact, that he intended to claim a commission of defendants, he intending that defendants should sell said land to said Senterfitt, and that he (plaintiff) would after such sale claim a commission on account thereof, then you will return a verdict for defendants."

Appellants assigned the refusal of this charge as error. Appellee contends, however, that this phase of the case was covered by the main charge hence he insists there was no error in its refusal; the portions of the main charge referred to by appellee being as follows, to wit:

"Part 5. If you believe from the evidence that the defendants began the negotiations which finally resulted in the sale of the land in question to the said Senterfitt, before said property was listed with plaintiff, if you find from the evidence that it was listed with the plaintiff, and that the plaintiff in no way procured said sale, if any, but that said Senterfitt purchased said property of his own accord, or by reason of inducements of defendants, or any one else other than the plaintiff, or by reason of any fact or thing independent of anything done or said by the plaintiff to the said Senterfitt, then you will return a verdict for the defendants."

"Part 6. If you find from the evidence that the plaintiff was, as he alleges, the agent of the defendants for the sale of the land described in his petition, then the court instructs you that it was his duty to act in good faith for the advancement of the interest of defendants in all dealings concerning the sale of said land, and to conceal nothing from them which might influence their action, and to make known to them every material fact which came to his knowledge, and which might influence their action in making the sale of said land, and if you find from the evidence that the plaintiff did not act in good faith for the advancement of the interests of defendants, or that he concealed any fact or facts which would have influenced them in their action in making a sale of said land, and if you further find from the evidence that the want of good faith on the part of the plaintiff, if any, or the concealment on the part of plaintiff, if any, or the failure on the part of plaintiff to make known any material facts, if any, caused the defendants to sell said land at a price less

than they would have sold same if they had known such facts, then you will return a verdict for the defendants."

[4] The fifth paragraph cannot be regarded as embracing the same phase of the case as covered by the special charge, because it does not even suggest the idea of bad faith on the part of the agent, which is involved in the special charge; and, while the sixth paragraph discusses this view of the case and is abstractly correct, still it does not pertinently apply the law to the facts of the case, as is done by the special charge. If Mace knew that appellants had begun negotiations for the sale of the land with Senterfitt, which finally resulted in the sale of the land, and did not inform defendants that he was also negotiating with Senterfitt for the sale thereof, but intentionally concealed from defendants the fact of his negotiations, or the fact that he was intending to claim a commission from defendants, then he was acting in bad faith, and was not entitled to recover. This constituted the main defense of appellants, and they were entitled to have it submitted to the jury.

"An agent in order to recover commissions must deal fairly with his principal. He is held to the duty of imparting any information to his principal which tends to his advantage, or might influence his judgment, and the intentional concealment of important and material facts from the knowledge of his principal by the broker will deprive him of his right for commissions for procuring a buyer." Rapalje on Real Estate Brokers, p. 107, § 60; volume 4, Ruling Case Law, subject "Brokers," § 22, p. 272.

See, also, Pratt v. Patterson, 112 Pa. 475, 3 Atl. 858; Id., 12 Phila. (Pa.) 460; Moore v. Kelley, 162 S. W. 1034, wherein it is said, as shown by the syllabus, that an agent who fails to disclose any fact which would naturally influence his employer's conduct, or acts adversely to his employer, is guilty of fraud upon him so as to forfeit his right to compensation.

In Murray v. Beard, 102 N. Y. 508, 7 N. E. 554, it is said that:

"An agent is held to uberrima fides in his dealings with his principal, and if he acts adversely to his employer in any part of the transaction or omits to disclose any interest which would naturally influence his conduct in dealing with the subject of the employment, it amounts to such a fraud upon the principal as to forfeit any right to compensation for services."

[5] The special charge presented and refused tersely and pertinently presented the main feature of appellants' defense, and should have been given.

In M., K. & T. Ry. v. McGlamory et al., 89 Tex. 635, 35 S. W. 1058, it was held, as shown by the syllabus, that:

"Where the charge given correctly states the law on an issue, but does not apply it to the evidence, a party has a right to prepare and have given a charge requiring the jury to find whether the evidence establishes the existence of any specified group of facts which if true would in law establish his plea, and instructing them, if they find such group of facts proven, to find in his favor."

This is exactly what the special charge in the present case undertook to do, and the failure to give same was error. We therefore sustain the third assignment.

[6] We do not think that special charge No. 6 should have been given, because it singled out and told the jury what fact in the opinion of the court would constitute the procuring cause of the sale. The question of procuring cause was one of fact for the determination of the jury, and it was improper for the court to make a suggestion as to what constituted such cause. While not reversible error, we do not think it was proper for the court to have given said charge requested by appellee.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.