McCOMBS *v.* MOSS.

Opinion delivered December 17, 1917.

1. APPEAL AND ERROR—SUFFICIENCY OF THE EVIDENCE—SUBMISSION TO JURY ON SECOND TRIAL.—On a former appeal this court held that the evidence introduced was sufficient to warrant a submission of the issues to the jury. On a second trial the facts proved were the same as at the first trial. *Held,* the trial court was correct in submitting the case to the jury.

2. APPEAL AND ERROR—EVIDENCE—LETTERS AND ORAL TESTIMONY.—It is not error to exclude certain letters from the jury, where the appellant and others, testified orally to the facts contained in the letters.

3. APPEAL AND ERROR—SECOND APPEAL—INSTRUCTIONS.—Instructions, on the second trial of an action, which conform to the rules of this court on appeal from the judgment on the first trial, are deemed correct on an appeal from the judgment upon the second trial.

4. APPEAL AND ERROR—LAW OF FORMER APPEAL.—The law as announced in the opinion on a former appeal, is the law of the case on a subsequent appeal.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*John D. DeBois,* for appellant

1. The evidence is not legally sufficient to warrant the verdict. Appellee has failed to make out a case from his own testimony. His agency had been discontinued.

2. The judgment is excessive.

3. It was error to refuse to admit the letters of Henry Wrape & Co.

4. There was error in giving and refusing instructions. 119 App. Div. 39; 103 N. Y. S. 876; 131 Ill. App. 414; 140 N. C. 310; 117 Ark. 599; 91 *Id.* 212; 76 *Id.* 377; 79 *Id.* 475.

*Brundidge & Neelly,* for appellee.

1.   The verdict is sustained by the evidence.

2.   The letters to and from the Wrape Co. were inadmissible.

3.   The instructions were approved on the former appeal. · The verdict settles all questions of fact and is final.

HART, J.   This is the second appeal in this case. The opinion on the first appeal is in 121 Ark. 533, under the style of *McCombs* v. *Moss.*   Moss sued McCombs for a commission of $1,023.30 alleged to be due him for bringing about a sale of some timber for McCombs in White County, Arkansas.

The jury returned a verdict for the plaintiff in the sum of $511.65 and from the judgment rendered the defendant has appealed.

It is insisted by counsel for the defendant that the evidence is not legally sufficient to warrant the verdict. For that reason it will be necessary to restate the evidence.

According to the testimony of the plaintiff himself he became acquainted with the defendant in 1906, and represented him in buying and selling timber on his lands in White County, Arkansas.   The timber on the lands in question was placed in his hands for sale in 1908, and the contract was continued from time to time until the sale was made in June, 1912.   A correspondence was kept up between the plaintiff and the defendant in regard to the sale of the timber in question during all this time.   In the fall of 1908, Moss introduced McCombs to Mr. Cook and to Mr. Henry Wrape, Jr., with the intention of having their company buy the timber lands in question.   Moss made a large plat showing the timber land and gave a copy to the Henry Wrape Company.   He went over the lands at that time with the representatives of the Henry Wrape Company and it took them about two weeks to do it.   There were about 1,810 acres of the land on which the timber was situated.   The tim-

ber was sold to the Henry Wrape Company in June, 1912, for the consideration of $20,466.30. Moss was with the representatives of the Henry Wrape Company for one day just before the sale in 1912, and showed them the boundaries of the land.

The record from the cross-examination of Moss is as follows:

"Was this question not asked you a year ago: 'Is it not a fact that in the month of June, 1909, that Mr. McCombs wrote you a letter that his cousin had moved to this county and was going on this land and that from that time on he would be his agent to sell that land or any other land he owned, and that it was all right for you to take people that wanted to buy to him, but you would have to look to him for your money?' And did you not make the following answer: 'He wrote me to that effect, and a short time afterwards he wrote me a letter of the commissions he would allow me.'

A. Not to look to Leslie for my commissions.

Q. You have changed your mind since yesterday?

A. No, sir.

Q. You have changed your mind since a year ago.

A. No, sir.

Q. That was your answer a year ago?

A. That is a portion of it, and if it is in the brief, I suppose it is correct.

Q. Is it not exactly correct?

A. I do not know about that.

Q. You did get notice from Mr. McCombs that you could work with Mr. Leslie, but that you should look to Leslie for your pay?

A. No, sir; not to look to Leslie for my pay; no, sir.

Q. But a year ago, in this case, you, in response to the question I read, you made the answer I read? Is that correct?

A. I will not say positively whether that is correct or not, as to my answer.

Q. You are not certain about it?

A. No, sir.

Q. You do not know whether you were to look to Leslie for your pay or not?

A. I did not mean that. I know I was not to look to him for anything."

On March 3, 1910, McCombs from his home in Oshkosh, Wisconsin, wrote a letter to Moss at his home in Searcy, Arkansas, and that part of it which is applicable to the issues in this case is as follows: "I knew long ago that you and Leslie, or both combined, would yet do some nice selling and make some easy money; spot cash, too. Be friendly with each other; don't either of you get jealous, say good words for each other. I want to be kind and good to you both, Sol, and be broad. I want you both to sell and both get credit for what is your true rights, whether it is separate or together. So far both of you have been liberal and good and speak very nicely of each other. Am glad to see it. I have plenty for both of you to sell and I like you both."

According to the testimony of Moss he was entitled to the amount of commissions sued for.

On the other hand McCombs testified that Moss did not have anything whatever to do with the sale of the timber in question to the Henry Wrape Company. He admitted that Moss had at one time been his agent for the sale of the timber on his lands in White County, Arkansas, but he stated that in June, 1909, he appointed his cousin, Sam Leslie, as such agent and notified Moss of this fact. He testified that it was thoroughly understood that thereafter Moss was not to have anything to do with the sale of the timber on his lands in White County, unless he was employed by Leslie to help him and that in that event he was to look to Leslie for his pay. He further testified that he and Leslie brought about the sale of the timber to the Henry Wrape Company by correspondence with that company and that Moss did not have anything to do with it. Two of the officers of the Henry Wrape Company corroborated the testimony of the de-

fendant in every respect. We need not set out the evidence for the defendant in detail, for in testing the legal sufficiency of the evidence to support the verdict it must be considered in the light most favorable to the plaintiff. A comparison of the evidence stated, with the statement of the case made in the former opinion, will show that in all essential respects it is the same except that in the present case Moss denied that he had stated on the former trial that he was to look to Leslie for his commission.

In the present case in addition to what has already been copied from the record Moss was asked the following question:

"Q. You did get a letter from Mr. McCombs notifying you that Mr. Leslie would be his agent from this on and that if you desired to work with Mr. Leslie you could do so, and look to him for a commission if you earned one, or in substance to that effect? You did get such a letter in June, 1909?" He answered: "He wrote a letter similar to that, except that I was not to depend upon Mr. Leslie for my commissions."

(1) So it will be seen that the evidence in the present case is somewhat more favorable to the plaintiff than on the first trial. On the former appeal the court held that the evidence was sufficient to warrant the verdict.

In *McDonough* v. *Williams,* 86 Ark. 600, the court held that where, on a former appeal, this court adjudged that a plaintiff made out a case to go to the jury, and the case comes up on a second appeal with the same evidence, the former opinion will be conclusive. Hence the court did not err in submitting the case to the jury.

(2) An extended correspondence took place between the Henry Wrape Company and McCombs in 1912, in regard to the sale of the timber in question. Counsel for the defendant offered to introduce these letters in evidence and error is assigned calling for a reversal of the judgment, because the court refused to allow them to be introduced before the jury. It is not necessary to consider whether or not these letters were competent ev-

idence.   They merely showed that the sale of the timber in question was made to the Henry Wrape Company by McCombs and Leslie and no reference was made to Moss in any way in these letters.

These facts were testified to by McCombs and by two officers of the Henry Wrape Company.   Their testimony in regard to these facts had as much probative force as the letters could have possibly had and no prejudice resulted in the rights of the defendant in excluding them from the jury.

(3-4)   Again it is insisted that the court erred in giving the instructions to the jury asked by the plaintiff and in modifying those asked by the defendant.   We need not consider these assignments of error in detail. The instructions given by the court in the present case were the same as those given by the court on the former trial.   Instructions on the second trial of an action, which conform to the rules of this court on appeal from the judgment on the first trial, are deemed correct on an appeal from the judgment upon the second trial. *St. L., I. M. & S. R. Co.* v. *Gibson*, 113 Ark. 419.   The rule that opinions on former appeals are the law of the case on a subsequent appeal is so well settled by numerous decisions of this court that it is hardly necessary to cite any case to support it.

Other instructions were asked by the defendant but the court had already fully submitted the question of fact to the jury in the instructions given.   The refusal of instructions asked by the party appealing is not erroneous where the court has already declared the law sufficiently in those given.

Judgment will be affirmed.