WILLISON v. LORETZ.

Opinion delivered May 2, 1921.

1. APPEAL AND ERROR—BILL OF EXCEPTIONS—CONCLUSIVENESS OF JUDGE'S CERTIFICATE.—Where the trial judge certifies that the bill of exceptions contains all the evidence and instructions given and refused, such certificate is conclusive as to the completeness of the bill of exceptions.

2. BROKERS—RIGHT TO COMMISSION.—When an owner lists his property for sale with two or more agents, without the exclusive right in either to sell, the agent effecting the sale is entitled to the commission, if the owner has maintained neutrality between them.

3.  BROKERS—GOOD FAITH TOWARD TWO BROKERS.—In an action for a
commission on a sale of a farm listed by defendant with plaintiff
and with other brokers, the question of good faith on the part of
defendant as between such brokers *held* for the jury.

4.  BROKERS—GOOD FAITH BETWEEN BROKERS—INSTRUCTION.—In an
action for a broker's commission on a sale of a farm listed by
defendant with plaintiff and other brokers, an instruction that
the agent effecting the sale is entitled to the commission is erro-
neous in failing to add the proviso that the owner has maintained
neutrality between the brokers.

Appeal from Prairie Circuit Court, Northern Dis-
trict; *George W. Clark,* Judge; reversed.

*Brundidge & Neelly,* for appellant.

1.   The court erred in giving to the jury instruction
No. 1 requested by plaintiff.  It completely ignored the
question as to the liability of a landlord to the agent who
effects the sale of the land.   There was no testimony upon
which to base it.   112 Ark. 227.

2.   The court erred in refusing instruction No. 1
asked by defendant.   122 Ark. 259.

3.   It was error to refuse instruction No. 3 requested
by defendant.   The law of this instruction is well settled.
121 Ark. 536.   Where two agents have the right to ne-
gotiate a sale of land for the owner, the agent who ac-
tually brings about the sale is entitled to the commission.
*Ib.*   The facts being undisputed, it was error to refuse to
direct a verdict.

*F. E. Brown* and *Carmichael & Brooks,* for appellee.

1.   Appellant relies on 112 Ark. 227.   The case is not
in point here.

2.   The verdict is sustained by the evidence.   The
question is a new one in this State, but the verdict is in
keeping with equity and justice.

HUMPHREYS, J.   Appellee instituted suit against ap-
pellant in the Prairie Circuit Court to recover $600 as a
commission for effecting the sale of a farm owned by
appellant, near Des Arc, consisting of 220 acres.

Appellant filed an answer, denying that appellee effected the sale of the land, but that the sale was effected by the Middle-West Land Company, a real estate partnership, composed of Clyde Ridout and G. I. Rogers, to whom he paid a commission of $330, or five per cent. on the purchase price of $6,600.

The cause was submitted to a jury upon the pleadings, evidence and instructions of the court, which resulted in a verdict and judgment in favor of appellee for $270, from which judgment an appeal has been prosecuted to this court.

Appellee suggests the insufficiency of the record, and insists upon an affirmance of the judgment on this ground. It is pointed out that the record does not affirmatively show that it contains all the evidence or all the instructions of the court. While there is no statement at the conclusion of the evidence that the record contains all the evidence, this fact does appear in the certificate to the bill of exceptions by the judge who tried the case. It is also true that the motion for a new trial, filed by appellant, recited that the court erred in its oral charge to the jury, and that the oral charge, if given, does not appear in the bill of exceptions, but the certificate to the bill of exceptions of the judge who tried the case recites that the bill of exceptions contains all the instructions given and refused in the case. The certificate of the judge who tried the case must control, and, according to his certificate, the record is complete.

The facts, in substance, are as follows: Appellant verbally authorized appellee, a real estate agent in Des Arc, to sell his farm for $6,000 net to him, agreeing to allow the agent, as commission, any amount in excess of the net price for which he sold the farm. Appellant also verbally authorized the Middle-West Land Company, a partnership composed of Clyde Ridout and G. I. Rogers, a real estate agency in Des Arc, to sell the farm for $6,600, agreeing to pay them, as commission, five per cent. of the purchase price. The exclusive right to sell the farm was given to neither Loretz nor to Ridout &

Rogers. Loretz did not know that the farm was listed with Ridout & Rogers, and it does not appear whether Ridout & Rogers knew that the farm was listed with Loretz. Appellee had shown the farm to J. H. Tallbut of Madisonville, Tenn., who told his fellow-townsman, W. C. Mason, about it. Based upon the information thus received, Mason, who afterward purchased the farm in connection with W. H. McCrory and a Mr. Hicks, wrote to Loretz on March 5, 1920, that if he would split the commission with him, he would procure a buyer. Loretz showed appellant the letter. Loretz immediately answered the letter, offering the farm to Mason for $7,000, stating that he was to receive eight per cent. as commission on the purchase price, which he would divide. equally with him, if he procured a buyer. On March 13 following, W. C. Mason wrote to Loretz that he expected to reach Des Arc the latter part of the week. On the night of the 16th of March, W. C. Mason, in company with a prospective purchaser, arrived at Des Arc, went to Ridout's office, who took them to the farm, introduced them to appellant, and consummated a sale thereof for $6,600. Out of the sum, appellant paid Ridout & Rogers, as a commission, $330.

W. C. Mason testified that he had a personal acquaintance with Clyde Ridout, and had been corresponding with him in reference to real estate; that he did not come to Des Arc through the influence of Loretz, but with the view of looking at appellant's farm; that he had been writing to both and purchased the farm through Ridout & Rogers because they offered it cheaper than Loretz.

H. S. Loretz testified that, on the morning of the 17th of March he started out to appellant's farm to show him the second letter he had received from W. C. Mason; that he met appellant coming to town and showed him the letter; that appellant said nothing to him about having sold the place; that he then returned to town and met W. C. Mason, who informed him of the purchase of appellant's farm through Ridout & Rogers; that he im-

mediately went to appellant concerning the matter, and he said: "If it hadn't been for me, they wouldn't have done anything about the place, and that he didn't want to get into any lawsuit with me;" that he replied to appellant that unless he wanted to pay the commission twice, he had better see Ridout & Rogers; that appellant replied, "We will let a jury do that;" that appellant then closed the deal.

Appellant testified that, when he listed the property with H. S. Loretz for sale, Loretz was to have no commission if he himself, or any other person, sold it; that, when Loretz showed him the first letter he had received from Mason and told him that he was going to price it to him at $7,000, he forbade him to raise the price above $6,600, believing that if he did so he would spoil the sale of the place; that, under the contract, he was to receive $6,000 net in case Loretz sold the property; that Loretz had had the place listed for a year and hadn't sold it because he kept raising the price; that he sold the place to Mason through Ridout & Rogers for $6,600, and paid them $330 as a commission for making the sale; that he received $270 more than he would have received had Loretz sold the place to Mason.

We deem it unnecessary to set the evidence out at greater length in order to determine the questions involved on the appeal. At the conclusion of the testimony, appellant asked a peremptory instruction in his favor, which request was denied by the court, over his objection and exception. The court submitted the cause to the jury upon two instructions, the first of which was requested by appellee and given by the court over the objection and exception of appellant. That instruction is as follows:

"The jury are instructed that if they find from the evidence that Willison had placed his farm with Loretz for sale, agreeing to pay him as a commission for making a sale all above $6,000, that he might sell the farm for, and you further find that Loretz was the procuring cause of bringing Mason, the purchaser, and Willison, the

seller, together, wherefrom a sale was consummated, you should find for Loretz the difference between the excess above $6,000 that the farm was sold for and the commission Ridout & Rogers was to receive on the sale, although you may find that the purchaser was introduced to Willison by Ridout & Rogers.''

The second instruction was given at the request of appellant. The court refused to give two other instructions requested by appellant, to which refusal of the court objections were separately made and exceptions separately saved. The two instructions refused are as follows:

''The jury are instructed that if you find from the testimony that the plaintiff Loretz had the lands for sale under a verbal contract which did not give him the exclusive right to sell said lands, and you further find that the defendants, Rogers & Ridout, also had a contract with Willison to sell said lands and did effect the sale thereof, then you will find for the defendant, unless you find that the owner, Willison, did not act in good faith with the plaintiff.

''You are instructed that where land is in the hands of more than one agent for sale, the agent selling the land is the one entitled to the commission, and if you find that the defendant's lands were sold by Rogers & Ridout and they were paid for said sale by the defendant, then you will find for the defendant, unless you find that the owner, Willison, did not act in good faith with the plaintiff.''

The first insistence by appellant for reversal is that, under the undisputed facts in the case, appellee did not effect a sale, and, under the law, was not entitled to a commission. It is true that, when an owner lists his property for sale with two or more agents, the agent effecting the sale is entitled to the commission, if the owner has maintained neutrality between them. *Murray v. Miller,* 112 Ark. 227; *McCombs v. Moss,* 121 Ark. 533. While it is undisputed that the farm was placed in the hands of both Loretz and Ridout & Rogers for sale, with-

out the exclusive right in either to sell, and that Ridout & Rogers effected the sale, there are facts in the case from which an inference might be drawn that appellant, the owner, did not preserve strict neutrality between the agents. The facts referred to are that, with full knowledge on the part of appellant, Loretz was in communication with Mason with reference to a sale of this particular farm; that Mason came to Arkansas with a view of inspecting said farm; that appellant, when shown the second letter by Loretz from Mason, did not inform Loretz that he had sold the farm to Mason through Ridout & Rogers, and that he profited $270 more by the sale through Ridout & Rogers than he would have profited had Loretz consummated the deal. These facts made the question of good faith on the part of appellant a disputed question of fact to be determined by the jury; hence it was proper for the court to refuse the peremptory instruction requested by appellant.

The next insistence of appellant for reversal is that instruction No. 1, requested by appellee, was erroneous because it ignored the question as to the liability of a landowner to the agent that effected the sale of the land. This court announced the doctrine in *Murray* v. *Miller,* 112 Ark. 227, and reaffirmed it in the case of *McCombs* v. *Moss,* 121 Ark. 533, that ''where two agents have the right to negotiate the sale of land for the owner, the agent who actually brings about the sale is entitled to the commission, where the owner acted in good faith and preserved strict neutrality between the rival agents.'' The instruction given at appellee's instance ignored, and the instructions requested by appellant and refused by the court embodied, the doctrine announced in those cases. The court therefore committed reversible error in giving the instruction requested by appellee and refusing those requested by appellant.

For the errors indicated, the judgment is reversed and the cause remanded for a new trial.