## WILLISON v. LORETZ.

### Opinion delivered April 9, 1923.

1. BROKERS—GOOD FAITH IN SELLING THROUGH ANOTHER BROKER.— Evidence *held* to warrant submission to jury of issue as to whether the owner of land which he had previously listed with a broker acted in good faith in selling through another broker with whom he listed the land without giving notice thereof to the former.

2. BROKERS—EXCLUSIVE RIGHT TO SELL.—A promise by the owner of land listed for sale with a broker to notify the latter if he lists it with another broker constituted an exclusive right to sell, so far as concerned other dealers, until notice was given of listing with another broker.

3. BROKERS—RIGHT TO COMMISSION.—Where a broker produces a purchaser of land, ready, willing and able to buy before he ascertains that it was also listed with another agent through whom the owner has sold to a purchaser produced by the second agent, without notifying him of other listing, he is entitled to his commission.

Appeal from Prairie Circuit Court, Northern District; *George W. Clark,* Judge; affirmed.

*Brundidge & Neelly,* for appellant.

The court erred in giving the oral instruction, which in effect allowed the jury to divide what had once been agreed on as a broker's commission between the rival

agents. Was in effect an instruction in the weight of the testimony. Also erred in modifying instruction No. 1, held correct on former appeal. *Murray* v. *Miller,* 112 Ark. 227; *Scott* v. *Cleveland,* 122 Ark. 259; *McCombs* v. *Moss,* 121 Ark. 536.

*F. E. Brown* and *J. H. Carmichael,* for appellee.

The only questions involved are the good faith of appellant in dealing with the buyer of the property and whether he maintained strict neutrality between the rival brokers. There is ample evidence to sustain the finding of the jury that appellant did not act in good faith. *McCombs* v. *Moss,* 121 Ark. 533. Instruction No. 2 as modified states the law as the court declared it on former appeal. *McComb* v. *Moss, supra.*

McCulloch, C. J. This is an action instituted by appellee against appellant to recover commission on a sale of lands. There was a former appeal in the case, and the judgment in favor of appellee was reversed on account of error in the court's charge to the jury, but it was decided that, under the evidence adduced, there was an issue of fact sufficient to warrant a submission to the jury. 148 Ark. 436.

In the last trial there was a verdict in favor of appellee for $270, the same amount awarded in the former trial.

The instructions to the jury in the last trial were in conformity with the decision of this court on the former appeal. Error is assigned again concerning some of the instructions, especially with regard to modification of certain instructions requested by appellant, but we think that the instructions and modifications were correct. The modifications were very slight and unimportant, but were made to bring the instructions in entire harmony with the announcements of law made by this court in the former opinion. The further contention here is that the evidence was not sufficient to sustain the verdict.

The facts are recited at length in the former opinion, and it is unnecessary to state them again at such

length. The testimony is the same as on the former trial, with one difference, which will be referred to. Briefly stated, the facts are these:

Appellant lived on his farm, about three miles from Des Arc, and listed the farm for sale with appellee under an agreement that he would pay appellee all the purchase price in excess of $6,000, and that he would state the price at $6,600 to any prospective purchaser brought by appellee, so that the latter could earn a commission of $600 on any sale made. Appellee testified that he was not given the exclusive right to sell, but that appellant promised to notify him if he listed the land with any other agent.

Appellee got into correspondence with a Mr. Mason of Madisonville, Tennessee, and, as a result of the correspondence, Mason came to Des Arc and purchased the land from appellant at the price of $6,600, but the sale was made by another agent, or broker, not by appellee. Appellant had listed the land about a week before that with another real estate dealer, but, according to the evidence, did not inform appellee that he had done so.

The second letter from Mason to appellee informed the latter that he would come out to Arkansas in a few days to look at this land. Mason was not personally acquainted with appellee, but was acquainted with another real estate dealer in Des Arc, and when he arrived in Des Arc he fell into the company of the dealer with whom he was acquainted, and who took him out to appellant's farm, and made the sale. This was the agent with whom appellant had listed the land after the sale was agreed upon through the other agent, but before it was consummated appellee started out to appellant's farm to inform the latter about the proposed visit of Mason, and he met appellant on the road and ascertained, for the first time, that Mason was there and had agreed to buy the place, and that he had been brought out by the other agent.

Appellant's contract with the other agent was to sell the place for $6,600 on a commission of five per cent.

which amounted to $330, and netted to appellant a price of $6,270, or $270 more than he was to receive for the place if the sale had been made by appellee. This is the amount appellee recovered in the judgment below.

In the former opinion we declared the law of the case to be, quoting from former decisions of this court, that "where two agents have the right to negotiate the sale of land for the owner, the agent who actually brings about the sale is entitled to the commission, where the owner acted in good faith and preserved strict neutrality between the rival agents." The instructions of the court in the last trial conformed, as before stated, to the declaration of law made by this court in the former decision.

In stating the reasons why there was evidence to go to the jury tending to show bad faith or lack of neutrality on the part of appellant, we said that appellant did not inform appellee, when shown the last letter from Mason, that he (appellant) had already negotiated a sale to Mason. This is not true, under the facts as proved in the last trial, for it is undisputed that when appellee met appellant out on the road and showed him the letter from Mason, appellant told appellee that Mason was the man with whom he had negotiated the sale, and that he was on his way then to town to consummate it. That fact, then, passes out of the case, but there is still sufficient evidence, we think, to warrant a submission to the jury of the issue whether or not appellant acted in good faith with appellee.

There is evidence to the effect that appellant promised appellee that he would notify appellee if he listed the land with any other dealer, and that he broke this promise by failing to notify appellee until after the latter, through his own effort, brought Mason to Arkansas for the purpose of looking at appellant's land, and Mason had fallen into the hands of another dealer, who brought about the sale by introducing him to appellant. The jury might have found, and doubtless did find, that this con-

stituted bad faith, for appellee was entitled to the information which had been promised to him about listing the land with other dealers. He might, or might not, have continued his efforts to sell the land if he had known that a rival dealer had the land for sale, but he was, at least, entitled to that information. In addition to that, the promise to notify appellee of the listing with another agent constituted an exclusive right to make the sale, so far as concerned other dealers, until notice was given of listing with another dealer. This feature of the case took it out of the operation of the rule announced in the former opinion, that, where two agents have authority to sell, the one who actually brings about the sale is entitled to the commission, and the owner is not liable to the other agent, if he acts in good faith.

Under the evidence in this case, appellee, in effect, produced a purchaser ready, willing and able to buy the place before he ascertained that the land was listed with another agent, and he is entitled to the commission on that ground. The conduct in withholding the information constituted, or may have constituted, bad faith, and warranted a submission of that issue to the jury.

Our conclusion therefore is that there was evidence sufficient to support the verdict in either view, and the judgment is therefore affirmed.