### RIFKIND v. TURNER.
### No. 481.

Municipal Court of Appeals for the District of Columbia.

April 25, 1947.

---

Philip Shinberg, of Washington, D. C. (Leon M. Shinberg and Joseph Levin, both of Washington, D. C., on the brief), for appellant.

Arthur J. Hilland, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This was a suit for a commission of $2,666.67 brought by one broker against another in connection with an attempted sale of real estate. Defendant broker had advertised certain property for sale. Plaintiff broker saw the advertisement, went to defendant's office and there received from defendant's representative permission to sell the property. Plaintiff was told that the price was $100,000, of which $72,000 was to be covered by a first deed of trust and the balance of $28,000 in cash. Nothing was said about plaintiff's commission.

Later plaintiff submitted to defendant's office a purchase contract signed by one Sachs and accompanied by Sachs' check for $2,000 as a deposit. The contract named a purchase price of $100,000, but instead of complying with the terms prescribed to plaintiff it provided for only $20,000 in cash and a second trust of $8,000 to be taken back by the sellers, subordinate to the agreed first trust of $72,000. Defendant forwarded the contract to the owners and later notified plaintiff by letter that the owners of the property "* * * have decided to withdraw same from market stating they. * * * could not operate or build any more under present Government set up." By telephone he confirmed the refusal saying, "The owners had decided not to sell because they don't think they can replace the property for the same amount of money they are getting for it." It was admitted that defendant broker had received no commission from the owner.

Claiming he was entitled to two-thirds of a total commission of $4,000, plaintiff brought suit for $2,666.67. He named as defendants the owners of the property, as well as defendant (appellee here) and the representative of defendant with whom he had dealt. Appellee was the only defendant served with process and plaintiff proceeded against him alone. Trial was by the court and resulted in a judgment for defendant. Plaintiff appeals.

Defendant contends that plaintiff could not recover a commission from him because he had not assumed personal responsibility for the payment of the commission, because he had himself never received a commission, and because plaintiff had made no demand on defendant to sue his principals for the commission. The law seems to be against this contention of defendant, the cases holding that a broker employed to assist in a sale may ordinarily sue only the employing broker and not the principal.[1] And it seems that his right to

[1] Thrailkill v. Crosbyton-Southplains R. Co., 8 Cir., 246 F. 687; Hale v. Brown, 211 Ala. 106, 99 So. 645, affirmed 215 Ala. 177, 110 So. 376; Brutinel v. Ny-gren, 17 Ariz. 491, 154 P. 1042, L.R.A. 1918F, 713; McCombs v. Moss, 121 Ark. 533, 181 S.W. 907, affirmed 131 Ark. 509, 199 S.W. 545; Reagan v. Dougherty, 40

a commission does not depend upon the prior recovery of a commission by the employing broker.[2] But we pass over this question without deciding it, because we think a different principle of law is decisive of this appeal.

The real question is whether plaintiff produced a purchaser who was ready, willing and able to buy on the sellers' terms. If not he was entitled to no commission.[3]

Plaintiff insists that the terms offered by his prospective purchaser "substantially" met those set by the owners. It is true that the purchase price—$100,000, was the same, but whereas the owners had demanded $28,000 cash, plaintiff's prospect had offered only $20,000 cash and a second trust of $8,000. It requires no deep study or elaborate analysis to realize that what the prospect was offering was very different and of much less value than what the owners had asked. The case before us is quite different from Buckner v. Tweed, D.C.Mun.App., 44 A.2d 224, affirmed U.S. App.D.C., 157 F.2d 211. There we held that the variance between the owner's terms and the purchaser's offer was so slight as to be inconsequential, and that the variance had actually produced an advantage to the owner. Here, as we have seen, the opposite is true.

It is true that the owners did not specifically say that they were rejecting the offer because of the variance. And some cases hold that a ground not specified by a seller at the time of rejection cannot later be urged by him as a defense to a suit for commission.[4] But this rule is limited to situations where the offer is substantially in accordance with the owner's terms. Moreover, it is clear that one who attempts an acceptance upon terms substantially varying those of an original offer is in reality rejecting the offer and submitting a new and counter offer which imposes no obligation on the original offeror,[5] leaving him free to revoke his original offer if he chooses.[6] In the present case the contract tendered by plaintiff was not an acceptance of the owners' terms but a new and counter offer. The owners had the complete right to reject the counter offer and also to revoke their own original offer by withdrawing their property from the market. Under these circumstances plaintiff cannot be said to have earned a commission.

Affirmed.

---

N.M. 439, 442, 62 P.2d 810; Rice v. Post, 78 Hun 547, 29 N.Y.S. 553; 1 Mechem on Agency, 2d Ed., 247, n. 92, 1289, n. 40.

[2] Hale v. Brown, supra; 12 C.J.S., Brokers, § 80, p. 176, n. 27; Mechem on Agency, 2d Ed. 1146, n. 82; Compare White v. Douglas Robinson, 153 App. Div. 776, 138 N.Y.S. 992; Giles v. Wilmott, 59 Fla. 271, 52 So. 287; Gorham v. Heiman, 90 Cal. 346, 27 P. 289.

[3] Heurich v. Sullivan, 52 App.D.C. 95, 281 F. 599; Tweed v. Buckner, D.C. Mun.App., 39 A.2d 203; Buckner v. Tweed, D.C.Mun.App., 44 A.2d 224, affirmed U.S.App.D.C., 157 F.2d 211.

[4] See cases collected in 156 A.L.R. 602; 12 C.J.S., Brokers, § 95, p. 224, n. 49; compare Robb v. Crawford, 56 App.D.C. 394, 16 F.2d 339.

[5] Iselin v. United States, 271 U.S. 136, 46 S.Ct. 458, 70 L.Ed. 872; Eliason v. Henshaw, 4 Wheat 225, 17 U.S. 225, 4 L.Ed. 556; Cleborne v. Totten, 61 App. D.C. 69, 57 F.2d 435; Williston on Contracts, Rev.Ed.1936, §§ 51, 77.

[6] Stitt v. Huidekopers, 17 Wall. 384, 385, 84 U.S. 384, 385, 21 L.Ed. 644; Evans v. 2168 Broadway Corporation, 281 N.Y. 34, 22 N.E.2d 152; Williston on Contracts, Rev.Ed.1936, § 55.