## Dorothy V. EDENS *v.*
## NATIONAL HOME LIFE ASSURANCE Company

74-16                                      510 S.W. 2d 288

### Opinion delivered June 3, 1974
[Rehearing denied July 8, 1974.]

*Brown, Compton & Prewett,* by: *Robert C. Compton,* for appellant.

*Schakleford & Shackleford,* for appellee.

FRANK HOLT, Justice. Appellant brought this action to recover benefits under appellee's hospitalization indemnity plan. In refusing appellant's claim, appellee contended that the sickness or disease for which appellant sought indemnity resulted from a pre-existing condition, therefore, precluding coverage. Appellant, however, contended that her illness manifested itself subsequent to the issuance of appellee's policy. Prior to the issuance of the policy, Mrs. Edens had been diagnosed as suffering from hypertension, arteriosclerotic heart disease, myocardial ischemia, and angina pectoris. Appellee had paid for one previous and one subsequent hospitalization—i.e., for a heart attack and open heart surgery. Appellant was hospitalized for two other periods, each of about one and one-half months' duration, for heart trouble. This litigation resulted when appellee refused to pay the policy benefits. Appellant adduced medical evidence that these occurrences were heart attacks which were separate and distinct from her condition predating the

policy. Essentially, appellee's medical testimony indicated no evidence of a heart attack on either occasion. A jury resolved the issue in favor of appellee.

For reversal of that judgment appellant first makes the argument that the lower court erred in refusing to allow proffered evidence of the payments for the two other periods of hospitalization as an admission. Therefore, appellee's refusal to pay the controverted claim is inconsistent. Other jurisdictions have held that payments under a policy are admissible as being an admission that the company considered the insured's injury or disability as compensable. *Mutual Life Ins. Co.* v. *Frost,* 164 F2 542 (1947) (disability benefits under a life insurance policy); *Travelers Ins. Co.* v. *Drake,* 89 F2 47 (1937) (accident policy); *New York Life Ins. Co.* v. *Thompson,* 45 Ga. App. 638, 165 S.E. 847 (1932) (disability payments under a life insurance policy); and *Wiener* v. *Mutual Life Insurance Co. of New York,* 170 S.W. 2d 174 (Mo. App. 1943) (disability benefits under a life insurance policy.) Of course, the admission is evidence of a compensable injury but is not conclusive on the insurer. *Mutual Life Ins. Co. of New York* v. *Frost, supra.* See also *Feild* v. *Coonce,* 178 Ark. 862, 12 S.W. 2d 772 (1959).

However, in the instant case we must affirm the trial court since appellant never demonstrated the relevancy of the other payments to the controverted coverage thereby indicating that the other payments were inconsistent with appellee's present refusal. Appellant's husband testified *in camera* as to the two hospitalizations of appellant for which appellee paid. Significantly, no testimony was offered to show that those hospitalization periods were a result of her condition prior to the issuance of the policy. Appellee objected that the testimony was not relevant. The trial court properly sustained the objection stating, *inter alia,* that the factual situations were not shown as being the same.

The other payments admit nothing as constituting an inconsistent position unless the hospitalization was a result of heart trouble springing from a pre-existing condition. Regardless of the testimony produced later at trial, the testimony at the *in camera* hearing gave no indication that the other payments were made for medical expenses incurred as a result of the pre-existing condition. Absent testimony to that effect, we cannot reverse the trial judge for there was no

showing of relevance. See generally 29 Am. Jur. 21, § 601, and 31A C.J.S., § 276.

Appellant's second contention for reversal is that the lower court erred in refusing to admit certain letters from appellant's medical witnesses to the appellee insurance company. Although one letter was introduced into evidence by appellee during cross-examination of appellant's medical witness, to show a prior inconsistent statement in a letter by him, appellant was not prejudiced by the trial court's exclusion of the other letters or parts thereof.

For example, the excluded portion of the January 24, 1972, letter was as follows:

It is my opinion that you honored her reports from Houston because of myocardial infarction and you failed to honor the reports we have sent you even though this was another acute myocardial infarction.

In my opinion, if she was covered for the first one she is covered for the second one and I feel it is only justifiable that they pursue this claim.

This portion of the letter was properly excluded since it constituted an opinion by the doctor as to the coverage of appellee's policy that was without his expertise and an invasion of the fact finding province of the jury.

Neither was appellant prejudiced by the trial court's exclusion of the April 4 letter and parts of others which were offered on re-direct. We have previously held that no prejudice resulted in excluding letters where the testimony concerning the facts in the letters, as here, had as much probative force as the letters. *McCombs* v. *Moss,* 131 Ark. 509, 199 S.W. 545 (1917). Certainly, in the case at bar, the appellant was not precluded from adducing relevant and material evidence from her medical witness on re-direct examination with reference to the excluded letter or portions of others. It appears that much of the excluded writing was argumentative.

Finding no merit in appellant's contentions, we must affirm.

Affirmed.